## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| SUPER LAUNDRY EQUIPMENT CORP., | Civ. A. No. 13-7381 |
| Plaintiff, | (NLH)(AMD) |
| v. | **MEMORANDUM** |
| STEVE CHAN, et al., | **OPINION & ORDER** |
| Defendants. | |

**APPEARANCES:**

MATTHEW A. GLAZER
CALLI J. PADILLA
COZEN O'CONNOR, P.C.
457 HADDONFIELD ROAD, SUITE 300
CHERRY HILL, NJ 08002-2220
     On behalf of Plaintiff

STEPHEN J. BUIVIDAS
LAW OFFICES OF STEPHEN J. BUIVIDAS, ESQ.
1060 KINGS HIGHWAY NORTH, SUITE 301
CHERRY HILL, NJ 08034
     On behalf of Defendant Steve Chan

GAVIN I HANDWERKER
414 WESTFIELD AVENUE
WESTFIELD, NJ 07090
     On behalf of Defendants Noel Cooper and Marc Cooper

**HILLMAN**, District Judge

   WHEREAS, this case concerns bad checks written by Defendant Steve Chan totaling over $240,000.00 for commercial washing machines; and

   WHEREAS, the Court denied Chan's motion to vacate the default judgment entered against him for $240,557.45; and

WHEREAS, the Court found that Chan's culpable conduct in this litigation warranted the imposition of sanctions, as requested by Plaintiff Super Laundry Equipment Corp., and Defendants Marc Cooper and Noel Cooper; and

WHEREAS, the Court directed Super Laundry and the Coopers to file certifications in support of their requested sanctions, and permitted Chan 15 days to respond to the certifications; and

WHEREAS, the Court has reviewed the parties' certifications and Chan's response; and

WHEREAS, Super Laundry is seeking $25,103.00 in attorneys' fees and $1,1789.09 in costs associated with the entry of default judgment, two depositions missed by Chan, the motion for writ of replevin and TRO, and opposition to Chan's motion to vacate default judgment; and

WHEREAS, the Coopers are seeking $4,632.28 in attorneys' fees and costs associated with two depositions missed by Chan and the preparation of the opposition to Chan's motion to vacate default judgment; and

WHEREAS, Chan has only opposed the Cooper's certification, arguing that their requested reimbursement for expenses related to the two depositions Chan missed is improper, and that the hourly fee of $335.00 per hour is excessive; and

WHEREAS, the Court finds that Chan's sanctionable conduct, as outlined in the Court's prior Opinions and the parties'

sanctions briefs, extends beyond the filing of his motion to vacate default judgment, and it is therefore reasonable for Super Laundry and the Coopers to be reimbursed for their expenses associated with all of Chan's culpable actions; and

WHEREAS, the Court also finds that the rates for the attorneys' fees for both Super Laundry and the Coopers are reasonable, and they are properly supported by certifications and billing records;

THEREFORE,

IT IS on this ___6th___ day of ___February___, 2017

ORDERED that sanctions shall be imposed on Steve Chan as follows:

In favor of Super Laundry Equipment Corp. and against Steve Chan in the amount of $26,281.09; and

In favor of Noel Cooper and Marc Cooper and against Steve Chan in the amount of $4,632.28; and it is further

ORDERED that the Clerk of the Court shall mark this matter as CLOSED.

At Camden, New Jersey

    s/ Noel L. Hillman
NOEL L. HILLMAN, U.S.D.J.